IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
───────────────────────────────────────────────────────────────

CREE, INC.,

                Plaintiff,                      ORDER

v.

                                              14-cv-737-wmc

HONEYWELL INTERNATIONAL INC.,

                Defendant.
───────────────────────────────────────────────────────────────

Today, the court held a telephonic hearing on plaintiff Cree, Inc.'s motion to compel (dkt. #56), in which it addressed the parties' disputes relating to: (1) the scope of defendant Honeywell International Inc.'s allegedly infringing products; (2) the obligation of Honeywell to provide technical specifications related to the LEDs and LCDs used in their products; and (3) financial information related to Honeywell's specific products. Consistent with the court's rulings during that hearing, and for the reasons articulated on the record,

ORDER

IT IS ORDERED that:

1) Plaintiff Cree, Inc.'s motion for leave to file a reply (dkt. #64) is GRANTED.

2) Plaintiff's motion to compel (dkt. #56) is GRANTED IN PART and DENIED IN PART as follows:

    a. Defendant Honeywell International Inc. is to make a good-faith effort to produce within 21 days a list of all its products offered for sale or sold from February 15, 2013, to the present, that contain liquid crystal displays ("LCD") backlit with white light emitting diodes ("LEDs") or phosphor-based LEDs, consistent with plaintiff's description of the allegedly infringing products. The court acknowledges Honeywell's position that the actual patents-in-suit do not justify this broad claim of infringement, but has no way to make such a determination at this early stage of the litigation. Should subsequent proceedings demonstrate that Cree had no

good-faith basis for such sweeping claims, the court would certainly entertain a motion to reimburse Honeywell for its discovery costs.

b. By Wednesday, March 25, 2015, plaintiff may file a brief of no more than five pages addressing its position that the relevant infringement claims date back to a patent issued on March 22, 2011, that likewise covers all of Honeywell's products containing LCDs backlit by white LEDs or phosphor-based LEDs. If such a brief is filed, defendant may file a short response within seven (7) days of electronic service (or within ten (10) days if served by mail).

c. For the products containing LCDs with white backlighting LEDs that Honeywell itself manufactures, Honeywell is to produce within 21 days:

   i. All remaining documents related to their technical specifications.

   ii. The nature of the LED contained in the product.

d. For all other, relevant LCDs and all LEDs, Honeywell is relieved at this point of any further obligation to produce technical specifications, unless readily available.

e. As to each product identified in response to "a" above: Honeywell is to produce within 30 days a statement that indicates: (1) if Honeywell is the manufacturer of LCDs contained in that product; and (2) if not, the name(s) of the company or companies supplying the product.

f. With respect to damages information, the parties are directed to meet and confer to determine a reasonable approach to production of general, damages-related information. Cree's request for product-specific damages information is denied at present.

Entered this 18th day of March, 2015.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge