IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

CREE, INC.,

    Plaintiff,                                                                OPINION AND ORDER

    v.                                                                                     14-cv-737-wmc

HONEYWELL INTERNATIONAL, INC.,

    Defendant.
_____

    In this patent lawsuit, plaintiff Cree, Inc., asserts that defendant Honeywell International, Inc. ("Honeywell") infringed four patents through its use of light emitting diodes ("LEDs") in various products. Honeywell has moved to transfer this action to the District of Minnesota primarily because the witnesses most likely to testify on its behalf, all of whom are Honeywell employees, are located in Minnesota. (Def.'s Mot. (dkt. #25); Def.'s Br. (dkt. #26) 4-5.) This alone does not make the District of Minnesota "clearly more convenient" for the parties and witnesses as a whole, nor does it suggest the "interests of justice" warrant transfer. Accordingly, the court will defer to Cree's original choice of forum and deny Honeywell's motion.

BACKGROUND

    Cree and Honeywell are familiar adversaries in patent litigation, with actions pending on various technologies in the United States Districts for the Eastern District of Texas and for the District of New Jersey. (Pl.'s Opp'n, Exs. J-K (dkt. #30-10, -11).) The action before this court concerns the use of "phosphorous-based LEDs" and "backlit with

white Liquid Crystal Displays (LCDs)" in various products designed and manufactured by Honeywell. (Def.'s Br. (dkt. # 26) 2.) Plaintiff specifies four thermostats as examples in its complaint, but its claims of infringement are not limited to those examples. (*Id.*)

Cree is incorporated under North Carolina law and maintains its principal place of business in Durham, North Carolina. (Compl. (dkt. # 1) ¶ 1.) Cree owns United States Patent No. 8,659,034 ("the '034 patent"), United States Patent No. 8,860,058 ("the '058 patent"), United States Patent No. 7,910,938 ("the '938 patent"), and United States Patent No. 8,766,298 ("the '298 patent"), all of which are directed toward LED technology and will be referred to collectively as "the patents-in-suit." (Pl.'s Opp'n (dkt. #30) 2.) Cree asserts that Honeywell has infringed these four patents by incorporating the claimed technology in its products, specifically noting the use of LEDs in Honeywell's thermostat products. (Compl. (dkt. # 1) ¶¶ 18, 23, 28, and 33.) Cree represents that it selected this district as the venue for its action against Honeywell in part based on its connection to Wisconsin, where it maintains its largest LED manufacturing facility (Pl.'s Opp'n (dkt. #30) 1, 7), although other tactical reasons, including speed to trial, likely play a role as well. Cree also has three other actions pending in this district asserting claims for infringement of some of the same patents at issue in this action against Honeywell. (Pl.'s Opp'n (dkt. #30) 1.)

Honeywell is incorporated under Delaware law and maintains its principal place of business in Morristown, New Jersey. (Compl. (dkt. #1) ¶ 1.) Honeywell operates five major facilities in Minnesota. (Def.'s Br. (dkt. #26) 2; Declaration of John Stokely ("Stokely Decl.") (dkt. #27) ¶ 2.) Honeywell's Environmental and Combustion Controls

business unit designed the allegedly infringing thermostats in Golden Valley, Minnesota, where that unit is headquartered. (Def.'s Br. (dkt. #26) 2; Stokely Decl. (dkt. #27) ¶ 4-5.) Honeywell also conducts significant research and development activities relating to LEDs in Minnesota. (Def.'s Br. (dkt. #26) 3; Stokely Decl. (dkt. #27) ¶ 5.) Honeywell has no major facilities in this district and has conducted no significant research, design, or development of products here. (Stokely Decl. (dkt. #27) ¶ 7.)

OPINION

A motion to transfer venue is governed by 28 U.S.C. § 1404(a). Under § 1404(a), a transfer is permissible "when (1) venue is proper in the transferor district and (2) the transferee district is one in which the action may have been brought." *Illumina, Inc. v. Affymetrix, Inc.*, No. 09-CV-277-BBC, 2009 WL 3062786, at *5 (W.D. Wis. Sept. 21, 2009). The court must consider, under the specific circumstances of the case, whether transfer would: (a) further the convenience of the parties and witnesses; and (b) promote the interests of justice. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986). The court's weighing of the factors under § 1404(a) "permits a 'flexible and individualized analysis' and affords district courts the opportunity to look beyond a narrow or rigid set of considerations in their determinations." *Research Automation, Inc. v. Schrader–Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). The moving party must establish "that the transferee forum is clearly more convenient." *Illumina*, 2009 WL 3062786, at *1 (quoting *Coffey*, 796 F.2d at 219-20).

The defendant disputes neither that venue in this district is proper, nor that the action could have been brought in the District of Minnesota. (*See* Def.'s Br. (dkt. #26) 4.) Rather, the parties' dispute centers on whether transferring the litigation would be more convenient for the parties and witnesses and promote the interests of justice. Because the defendant's transfer motion rests largely on considerations that this court finds do not weigh heavily in favor of transfer, the defendant has failed to establish that the transferee district is a "clearly more convenient" venue for this litigation. *See Illumina*, 2009 WL 3062786, at *1 (quoting *Coffey*, 796 F.2d at 219-20).

## I. Convenience

### A. Plaintiff's Choice of Forum

The court begins its consideration of defendant's motion to transfer with the plaintiff's choice of forum, as courts typically defer to this choice. *See In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 663-64 (7th Cir. 2003) ("[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.") (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947) (internal quotation marks omitted)). Courts generally give this factor less weight where the plaintiff selects a forum that is neither its home nor the situs of material events. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981). Even if the plaintiff is foreign to the venue, however, the court will not disturb its choice unless considerations of convenience or justice strongly favor the defendant. *In re Nat'l Presto Indus.*, 347 F.3d at 663-64.

Here, Cree's principal place of business is not located in the state of Wisconsin, and it is not incorporated under Wisconsin law. (Compl. (dkt. #1) ¶ 1.) Although

Cree's Racine facility is engaged in substantial activity within the state of Wisconsin, it does not make Cree a Wisconsin resident.[1]  *See Kimberly-Clark Worldwide, Inc. v. First Quality Baby Prods., LLC*, No. 14-CV-502-WMC, 2014 WL 6612881, at *3 (W.D. Wis. Nov. 20, 2014) ("While it is true that Neenah is not technically within the boundary of the Western District, [plaintiff] *resides* in Wisconsin and in close proximity to this District.") (emphasis added).  Still, while not heavily weighting Cree's choice of forum, neither will this court upset that choice, unless Honeywell can show that the convenience of the parties and witnesses or the interests of justice favor transfer.  *See In re Nat'l Presto Indus.*, 347 F.3d at 663.

### B. Convenience of the Parties and Witnesses

In many cases, the court considers convenience to the parties and witnesses as it relates to access to sources of proof, namely documents and witnesses.  *Kimberly-Clark*, 2014 WL 6612881, at *3 (citing *Harley Davidson, Inc. v. Columbia Tristar Home Video, Inc.*, 851 F. Supp. 1265, 1270 (E.D. Wis. 1994)).  Where the documents and witnesses are under the control of the parties, such as employees who may serve as witnesses, this is not a heavily weighted factor.  *See Illumina*, 2009 WL 3062786, at *3 (citing *Milwaukee Elec. Tool Corp. v. Black & Decker (N.A.) Inc.*, 392 F. Supp. 2d 1062, 1064 (W.D. Wis. 2005)).  On the contrary, technology has rendered the location of such evidence minimally important in the transfer analysis.  *Fabio v. Diversified Consultants, Inc.*, No. 13-CV-524-WMC, 2014 WL 713104, at *6 (W.D. Wis. Feb. 25, 2014) (citing *Bd. of Trs.,*

---

[1] Indeed, the Racine facility is located in the far southeast corner of the Eastern District of Wisconsin, substantially closer to that court's location in Milwaukee, than this court in Madison, Wisconsin.

*Sheet Metal Workers Nat'l Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1037 (7th Cir. 2000); *Milwaukee Elec. Tool Corp.*, 392 F. Supp. 2d at 1064).

Honeywell cites several decisions from this district in support of its argument that the location of its employees and facilities is an appropriate consideration in determining whether transfer is warranted. (*See* Def.'s Reply (dkt. #43) 6; Declaration of Ryan J. Casamiquela ("Casamiquela Decl."), Exs. A-B (dkt. #44-1, -2).) This may be, but Honeywell fails to establish that the specific circumstances here make this single consideration determinative.

For example, unlike the plaintiff in *Hunts Point Ventures, Incorporated v. Research in Motion, Limited*, 12-CV-307-WMC, Dkt. No. 43, Cree offers some, albeit limited, factual support for its assertion that this district is more convenient than the District of Minnesota, based both on its presence and regular operations in Wisconsin. *See id.* at 6 (concluding that the plaintiff "provide[d] no *factual* support for [its] assertion that the Western District of Wisconsin is materially more convenient to Hunts Point"); (Pl.'s Opp'n (dkt. #30) 7-8.) Cree's Racine facility houses witnesses who may testify about the patents-in-suit. *See Hunts Point*, No. 12-CV-307-WMC, Dkt. No. 43, at 2 ("Hunts Point has no employees in Wisconsin, nor does it maintain any relevant books or records in Wisconsin."); (Pl.'s Opp'n (dkt. #30) 7-8.) Unlike *Hunts Point*, this is not a case where the plaintiff has no connection to the forum state. Moreover, plaintiff offers no other compromise location, which would be more convenient for *both* sides.

The convenience of witnesses also does not strongly favor transfer. Honeywell relies on the fact that its employees conducting research and development activities

relating to LEDs are based in Minnesota. (Def.'s Br. (dkt. #26) 3; Declaration of John Stokely (dkt. #45) ¶ 2.) The location of Honeywell's employees does not weigh heavily in favor of transfer, as this court presumes that Honeywell's employee witnesses will appear voluntarily. *See Illumina*, 2009 WL 3062786, at *3 ("[T]he location of defendant's employee witnesses is not a heavily weighted factor because of the assumption that witnesses within the control of the party calling them, such as employees, will appear voluntarily, that is, at least without subpoena.") (internal quotations omitted).[2] Moreover, Honeywell has failed to address why video deposition or live, remote testimony, which is common in patent suits, would be less effective than in-person testimony in this case. *See Adams v. Newell Rubbermaid Inc.*, No. 07-C-313-S, 2007 WL 5613420, at *3 (W.D. Wis. Aug. 21, 2007) (citing *Milwaukee Elec. Tool Corp.*, 392 F. Supp. 2d at 1064). Based on the likely witnesses in this case, therefore, Honeywell has failed to show that consideration for their convenience strongly favors transfer. Ultimately, Honeywell's argument fails because it does not show that the transferee district is clearly more convenient for the parties or that Cree has no convenience-related basis for bringing the action in this district. *See Hangartner v. Intel Corp.*, No. 13-CV-663-BBC, 2014 WL 266802, at *1 (W.D. Wis. Jan. 24, 2014) (finding that plaintiff did "not identify *any* contacts that he has with Wisconsin" and that "both parties have a significant presence in [the transferee district]").

---

[2] The existence of likely non-party witnesses remains an important consideration in the transfer analysis. *See Milwaukee Elec. Tool Corp.*, 392 F. Supp. 2d at 1064 ("Live testimony cannot be compelled when third-party witnesses are distant from the forum court," and, "[a]ccordingly, the existence of such witnesses is frequently an important consideration in a transfer motion analysis."). However, Honeywell fails to specify *any* non-party witnesses who are likely to testify.

Nor can Honeywell point to other factors that strongly favor transfer, which might make Honeywell's minimal showing of convenience solely to itself a tipping point in favor of transfer. *See DeLaval Int'l AB v. Alpha Tech. USA Corp.*, No. 13-CV-673-BBC, 2014 WL 37309, at *1-2 (W.D. Wis. Jan. 3, 2014) (granting motion to transfer in part based on presence of third-party witnesses who worked in the transferee district and in part based on convenience of the parties); *Ho Keung Tse v. Apple, Inc.*, No. 12-CV-21-BBC, Dkt. No. 29, at *12 (W.D. Wis. May 18, 2012) (granting motion to transfer in part based on ability to consolidate the action with an action in the transferee district and in part based on convenience of the parties) (Casamiquela Decl., Ex. B (dkt. #44-2).) Since Honeywell has failed to establish that the transferee district is "clearly more convenient" for the parties than this district, *Illumina*, 2009 WL 3062786, at *1 (quoting *Coffey*, 796 F.2d at 219-20), this court will not "shift[] inconvenience from one party to another" by transferring the case to a forum that defendant finds more convenient. *Research Automation, Inc.*, 626 F.3d at 979.

II. **Interests of Justice**

By considering the interests of justice, this court ensures "the efficient administration of the court system." *Coffey*, 796 F.2d at 221. Considerations for the interests of justice "may be determinative in a particular case, even if the convenience of the parties and witnesses might call for a different result." *Id* at 220. To determine whether a transfer is in the interests of justice, the court considers four factors: "(1) the district in which the litigants would receive a speedier trial; (2) whether there is related litigation in the transferee district that may allow consolidation; (3) the courts' relative

familiarity with the applicable law; and (4) the relation of each community to the controversy at issue." *Grand River Enters. Six Nations Ltd. v. VMR Prods. LLC*, No. 13-CV-104-WMC, 2013 WL 6185205, at *8 (W.D. Wis. Nov. 26, 2013) (citing *Coffey*, 796 F.2d at 221; *Illumina*, 2009 WL 3062786 at *5; *Research Automation, Inc.*, 626 F.3d at 978).

In discussing the interests of justice, the parties focus on the relative speed to trial in the transferor and transferee districts and the significance of Cree's other, ongoing litigation in this district. "Although this court does not encourage litigants to choose this forum because of its speed and although this court makes no promises regarding quick resolution, the fact remains that this is a relatively speedy federal court, particularly with regard to patent lawsuits." *Sunbeam Prods., Inc. v. Homedics, Inc.*, 587 F. Supp. 2d 1055, 1058 (W.D. Wis. 2008). Here, Honeywell's statistics suggest that the action would proceed to trial 3.1 months faster in this district than in the District of Minnesota. (Def.'s Br. (dkt. #26) 5-6.) Thus, even according to Honeywell, the speed to trial factor is at best a neutral one in the current transfer analysis. (Def.'s Reply (dkt. #43) 9.) It certainly does not weigh in *favor* of transfer.

Not surprisingly, the parties dispute the significance of Cree's ongoing litigation in this district against other defendants, which involves assertions of infringement of three of the patents-in-suit here. (*See* Pl.'s Opp'n (dkt. #30) 5; Def.'s Reply (dkt. #43) 3.) Even if Cree's litigation relating to similar technology does not weigh against transfer, this, too, is no more than a neutral factor for Honeywell. Coupled with neutral interests of justice factors, Honeywell's minimal showing of greater convenience to itself and its

witnesses fails to establish that the District of Minnesota is a "clearly more convenient" forum for this action. *See Illumina*, 2009 WL 3062786, at *1 (quoting *Coffey*, 796 F.2d at 219-20).

ORDER

IT IS ORDERED that defendant Honeywell International, Inc.'s motion to transfer venue to the U.S. District Court for the District of Minnesota (dkt. # 25) is DENIED.

Entered this 25th day of March, 2015.

BY THE COURT:

/s/

_____
William M. Conley
District Judge